## RESTORATION OF BURNED RECORDS STATUTE UNCONSTITUTIONAL.

Common Pleas Court of Licking County.

JANE LEWIS ET AL v. ERIC OWENS.

Decided, April Term, 1908.

*Burned and Destroyed Records—Act for the Restoration of, Unconstitutional—Because of Denial of Opportunity for Review—Necessary Evidence Upon Which to Base a Restoration—Designation of an Heir—Property Rights—81 O. L., 159-160.*

1. The provision of the act for the restoration of burned or destroyed records (April 12, 1884; 81 O. L., 159-160), that no appeal can be taken from such proceedings and no error prosecuted thereto, is an interference with the rights of property and is unconstitutional.
2. It is error to order the restoration of a record which it is claimed has been destroyed, unless some evidence is offered that such a record was once in existence.
3. The statute of limitations has no reference to burned or destroyed records.

*J. M. Schwartz*, for plaintiffs in error.
*Fulton & Fulton*, for defendant in error.

Seward, J. (orally).

This is a proceeding in error to the probate court. Eric Owens filed an application in the probate court of this county claiming that he had been designated as an heir by David W. Lloyd, about the year 1857; that the records of that designation have been burned, and he asked to have the record restored. His application reads as follows:

''And now comes Eric Owens and represents to the court that on the —— day of May, 1857, one David W. Lloyd filed in the Probate Court of Licking County, Ohio, an application to make this applicant, Eric Owens, his heir, which application was substantially in the words and figures following:''

Then the pleader has substantially followed the section of the statute describing the matter as it was in existence at that time.

''To the Honorable Probate Judge of Licking County, Ohio: The undersigned, David W. Lloyd, represents that he is a resident of Newark township, Licking county, Ohio; that he is of sound mind and memory, and free from restraint; that he is married, and is —— years old and that his wife's name is —— Lloyd, and is —— years old; that they have no child or children, and that they have living with them a boy, a minor, by the name of Eric Owens, aged —— years.

''This applicant represents to the court that he is desirous of designating and does hereby designate the said Eric Owens, whose place of residence is with this applicant, to stand toward him as his heir at law in the event of the death of this applicant.

''In the presence of two witness, names unknown.

'' (Signed) David W. Lloyd.''

''In the matter of the application of David W. Lloyd to designate Eric Owens as his heir at law.

''This day came David W. Lloyd, and thereupon the application of said David W. Lloyd to have Eric Owens designated as his heir, came on to be heard by the court.

''On consideration whereof, and the court being fully advised in the premises, finds that the said David W. Lloyd is of full age and of sound mind and memory and free from restraint; that he has no child or children, and he applied to this court to have Eric Owens, who is a minor, and who resides with said David Lloyd, designated as his heir.

''It is therefore considered, adjudged and decreed by the court that the said Eric Owens be and he is hereby designated to

stand in the relationship of an heir at law to said David Lloyd in case of his death.

"Said Eric Owens further represents to the court that on the —— day of April, 1875, the court house of Licking county, Ohio, was destroyed by fire and that the records of the above adoption and designation of Eric Owens to be the heir, as afore-said, was burned and he asks that said record be restored by order of this court.

"Signed by counsel and sworn to by T. B. Fulton."

The statute, at that time, governing the designation of an heir is found in Swan and Critchfield, page 506:

"Any person of sound mind and memory may appear before the probate judge of his proper county, and in the presence of such probate judge, and two disinterested persons of his ac-quaintance, file his written declaration, which shall be attested by such persons, declaring that as his or her free and voluntary act, he or she did designate and appoint another, naming such person specially, and stating the place of residence, to stand toward him (or her) in relation of an heir at law, in the event of his death; and thereupon the judge of probate, if satisfied that such declaration is of sound mind and memory, and free from restraint, shall enter that fact upon his journal, and make a complete record thereof; and thence forward such person, thus designated, shall be taken and held, in all places, to stand in the same relation, for all purposes, to said declaration as he or she could, if a child born in lawful wedlock; and the relations by blood of the declarant and the rules of inheritance shall be the same, between him or her, as if so born; and a certified copy of such record shall be *prima facie* evidence of the fact stated therein, and conclusive evidence, unless impeached by reason of actual fraud, or undue influence."

So it is claimed that there was such a record, as is provided by this section of the statute, found on page 506 of Swan and Critchfield, in the probate court of this county, in the year 1857, and from that time up until the burning of the court house in 1875. Section 5335b provides for the restoration of burned records:

"Whenever the record required by law or any part thereof of the proceedings or judgment or decree in any action or other pro-ceeding of any court in this state in which the final judgment

has been rendered, is lost or destroyed by fire, riot, or civil commotion, and such loss can not be supplied or replaced as provided in Section 5339a-2, any person or party interested therein may make written application to the court to which said record belongs, setting forth the substance of the record so lost or destroyed, which application shall be verified in the manner provided for the verification of pleadings in a civil action, and thereupon summons shall issue and actual service or service by publication shall be made upon all persons interested in or affected by said original judgment or final entry in the manner provided by law for the commencement of civil actions, provided the parties may waive the issuing or service of summons and enter their appearance to such application; and upon the hearing of such application without further pleadings, if the court finds that such record has been lost or destroyed and that it is enabled by the evidence produced to find the substance or effect thereof material to the preservation of the rights of the parties thereto, it shall make an order allowing a record, which record shall recite the substance and effect of said lost or destroyed record or part thereof, and the same shall thereupon be recorded in said court, and shall have the same effect as the original record would have if the same had not been lost or destroyed, so far as it concerns the rights of the parties so making the application, or persons or parties so served with summons, or entering their appearance, or persons claiming under them by a title acquired subsequently to the filing of the application.''

This act of the Legislature was passed April 4, 1884, and the Legislature in its wisdom (?) provided, in the last clause of the act, that no appeal could be taken from such proceedings, and that no proceedings in error should be prosecuted from any such proceedings. Here is a valuable right given to a person, which may involve the rights of property, fixed by these records, and the Legislature has provided that, when the restoration is made, although an entire record may be destroyed, if restoration is ordered by the probate court, that a party who may be affected in his rights of property shall not have a right to a review on error. The court does not think that the Legislature has any right to do anything of that kind. It interferes with the rights of property.

The later clause of this section was never carried into revision.

I don't know why. It was never repealed, or amended, so far as the court is able to determine, and it stands now in the Year Book as the law that proceedings in error shall not be prosecuted from any finding in the probate court in regard to the restoration of a burned record. That might be a reasonable regulation, if it were in regard to a certified copy of a will, but any attempt to interfere with the rights of property, where an heir is designated, and a finding is made against whom the order of the court might run and affecting the rights of property, the court thinks they are going further than they have a right to go; and the court thinks that that provision of the statute is in contravention of the Constitution.

What does this record show, giving it the strongest effect it has a right to? What does it show in relation to this designation? The strongest witness who testified was Mrs. Raisin. That is, she gives the strongest evidence as to whether there was ever any such record or not. I will call attention to her testimony (the court here read from the testimony of Mrs. Raisin, as found in the bill of exceptions).

Now, there is not a word in this record, that shows, or tends to show, that anybody ever saw any such a record; I think before you can establish a record, or restore a record, there ought to be some evidence tending to show that there was such a record. There is no acknowledgment on the part of Lloyd that he made any application in the probate court. They went down there, and Mrs. Lloyd said, when they came back, he is mine. I think that is too slender a matter to base the rights of property upon in this case as against those who would be the legal heirs of Lloyd under the statute. I think the court committed an error in the restoration of what was claimed to be a record designating Eric Owens as the heir of David Lloyd, without some testimony tending to show that there had been a record of that kind in existence.

It is the judgment of the court that the judgment of the probate court be set aside and reversed.

I intended to refer to the statute of limitations. I do not think the statute of limitations has any reference to the restoration of burned records.